IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30032
Summary Calendar

_____

BRIAN K. CHISHOLM,

Plaintiff-Appellant,

versus

C. COLL, Badge # 375,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-976
- - - - - - - - - -
August 19, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brian K. Chisholm, Louisiana prisoner # 323477, argues that
the district court erred in dismissing his 42 U.S.C. § 1983
excessive-force claim against the defendant Deputy Coll.
Chisholm contends that he established that he was injured by the
defendant's use of excessive force.

Chisholm did not file specific objections to the factual
findings and legal conclusions of the magistrate judge.
Therefore, the dismissal of his suit must be reviewed for plain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

error only.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

Chisholm has not demonstrated that the district court plainly erred in rejecting the verity of Chisholm's testimony and in determining that Deputy Coll used a reasonable degree of force to control a discipline problem created by Chisholm.  Nor has Chisholm demonstrated that the district court plainly erred in determining that Chisholm did not suffer a serious injury as a result of the incident.  The district court's factual findings support its legal conclusion that Deputy Coll did not employ excessive force in violation of Chisholm's constitutional rights. See Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993).

Nor has Chisholm shown that the district court plainly erred in its determination that the use of offensive language by the deputy was not sufficient to give rise to a constitutional violation.  Mere allegations of verbal abuse and threats by prison officials do not state a claim under § 1983.  See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993).  Chisholm has not demonstrated that the district court committed error, plain or otherwise.

AFFIRMED.